UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHARLES CULLIVER,

    Plaintiff,

v.   Case No. 3:22cv3345-LC-HTC

ESCAMBIA COUNTY JAIL,

    Defendant.

_____/

REPORT AND RECOMMENDATION

Plaintiff Charles Culliver, a pre-trial detainee proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint purporting to assert claims under 42 U.S.C. § 1983 relating to the conditions of confinement at the Escambia County Jail. ECF Doc. 4. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). As set forth below, Plaintiff's complaint is subject to dismissal based on Plaintiff's failure to comply with Court Orders, failure to provide a current address, and failure to prosecute.

On or about March 9, 2022, Plaintiff filed a civil rights complaint, not on this Court's forms, complaining about the conditions at the Escambia County Jail

("Jail"). ECF Doc. 1. Without addressing the substance of the complaint, the Court issued an order directing Plaintiff he must (1) file an amended complaint on this Court's required complaint form and (2) file a complete motion to proceed *in forma pauperis* or pay the full filing fee. *See* March 14, 2022 Order, ECF Doc. 3. In that order, the Court also directed Plaintiff it is his obligation to notify the clerk of changes to his address.

Plaintiff filed an amended complaint on or about March 18, 2022, alleging violations of the 14th and 8th Amendments based on the following:

> The living area that I am currently housed in, there's mold everywhere, the plumbing leaks. My last housing area, there were 3 people in a two-man cell. There's no place to properly wash your hands. Cleaning supplies are not passed out daily to clean up our housing area.

ECF Doc. 4 at 5. He also filed a motion to proceed *in forma pauperis*, ECF Doc. 5, which the Court granted on April 4, 2022. ECF Doc. 6. The Court reviewed the amended complaint, found that it failed to state a claim, and on April 6, 2022, ordered Plaintiff to file a second amended complaint by April 27, 2022. ECF Doc. 7.

Plaintiff has not filed a second amended complaint and he has not updated the Court with his current address. Notably, according to the Escambia County Jail

electronic database, Plaintiff was released on April 26, 2022, and is "homeless".[1] *See* https://inmatelookup.myescambia.com/smartwebclient/jail.aspx. The failure of a party to advise the court of their current address is grounds for dismissal. *See e.g., Battle,* 2014 WL 905483 at *1 (dismissing complaint for the plaintiff's failure to keep the Court apprised of his mailing address).

This Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *See e.g., Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980). Thus, dismissal is appropriate here because Plaintiff has not (1) filed an amended complaint; (2) pay the filing fee or seek indigency status; (3) or update his address.

Indeed, under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a Plaintiff has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R.

---

[1] Given the lack of a current address for Plaintiff, the Court finds it futile to issue a show cause order to Plaintiff prior to recommending dismissal. *See Battle v. Collier Cnty Sheriff's Office*, 2014 WL 905483, at *1 (M.D. Fla. Mar. 6, 2014) ("[i]t would be futile to mail an order to show cause why the case should not be dismissed to Plaintiff because the order would be returned to the Court").

Case No. 3:22cv3345-LC-HTC

Civ. P. 41(b); *see also Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute, failure to comply with Court orders, and failure to keep the Court apprised of an address at which he can be reached.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this this 6th day of May, 2022.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:22cv3345-LC-HTC